IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARTY PORTER, On Behalf of Himself and All Others Similarly Situated, <br><br>Plaintiff, <br><br>v. <br><br>ANGIE'S LIST, INC., <br><br>Defendant. | ) ) ) ) ) ) ) CAUSE NO. 1:17-cv-1540 ) ) ) ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Marty Porter ("Plaintiff"), by counsel, for himself and on behalf of all other similarly situated current and former employees of Angie's List, Inc. ("Angie's List") bring this Complaint against his former employer, Angie's List, for overtime compensation and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and in support state as follows:

**I.     PARTIES, VENUE AND JURISDICTION**

1.     Plaintiff Marty Porter ("Porter") is a citizen and resident of Indiana, and was an employee of Angie's List from February 2013 to March 2015.

2.     Defendant Angie's List is an Indiana corporation authorized to do and doing business in Marion County, Indiana, with its principal place of business located at 1030 East Washington Street, Indianapolis, IN 46202.

3.     This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action under the Fair Labor Standards Act of 1938 (FLSA), *as amended*, 29

U.S.C. § 201 *et seq.* to recover for themselves, and on behalf of all other similarly situated current and former employees, overtime wages, back pay, additional equal amounts as liquidated damages, pre-judgment and post judgment interest, costs and expenses, reasonable attorneys' fees, and declaratory and injunctive relief. This Court has supplemental jurisdiction over Plaintiff's claim arising under state law.

4. Venue is proper pursuant to 28 U.S.C. § 1391 in that Angie's List is subject to personal jurisdiction in the Southern District of Indiana, Angie's List regularly conducts business activities within the Southern District of Indiana, and a substantial part of the events giving rise to the claims occurred in the Southern District of Indiana.

5. At all material times herein, Porter, as well as those similarly situated, was an employee of Angie's List and frequently worked in excess of forty hours per week.

6. Pursuant to the provisions of 29 U.S.C. § 216(b), Plaintiff is proceeding for and on behalf of himself and similarly situated current and former employees of Defendant.

7. Plaintiff anticipates that additional employees, both current and former, of Defendant will file written consents to 29 U.S.C. § 216(b) to join as party plaintiffs in this action.

8. At all relevant times herein, Angie's List was and is an enterprise engaged in commerce pursuant to the FLSA. It directed and controlled the terms, conditions, activities, duties, and responsibilities of Plaintiff's and similarly situated current and former employees' employment, and hence was their employer and/or joint employer under the FLSA.

9. At all material times, Angie's List employed Plaintiff, as well as similarly situated employees, with job duties and responsibilities that are non-exempt under the FLSA.

## FACTUAL ALLEGATIONS

10. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

11. From February 2013 to March 2015, Porter worked for Defendant at Defendant's sales offices in Indianapolis holding the position of Advertising Sales Consultant.

12. As an Advertising Sales Consultant, Porter was a non-exempt employee pursuant to the FLSA.

13. On many occasions, Porter and similarly situated employees worked over forty hours in a workweek, but did not receive overtime pay for all overtime hours worked, or at their correct rates of pay.

14. As an Advertising Sales Consultant, Porter was required to submit time records documenting his hours worked on a weekly basis.

15. Angie's List, through its sales trainers, sales managers, sales directors, and/or other executives or officers, routinely and regularly instructed its Advertising Sales Consultants, including Porter and other similarly situated employees, to under-report, or not report, hours worked in excess of forty hours per week, so as to avoid paying overtime compensation to those employees.

16. Porter and other similarly situated employees routinely worked hours in excess of forty hours per week, but did not report all hours worked because their supervisors instructed them to do that.

17. Angie's List knew or should have known that most, if not all, of its Advertising Sales Consultants, including Porter and others similarly situated, regularly worked hours in excess of forty hours per week, but did not pay them for all overtime hours worked.

18. Plaintiff and all other similarly situated current and former employees are victims of Defendant's practice of shorting them on overtime pay.

## COUNT I

## FLSA COLLECTIVE OVERTIME CLAIMS

19. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

20. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Plaintiff and similarly situated employees for a workweek longer than forty hours without paying compensation for their employment at rates not less than one and one-half times the employees' regular rates of pay.

21. During the employment of Plaintiff and similarly situated employees during their respective periods of employment, Plaintiff and similarly situated employees frequently worked in excess of forty hours in a workweek.

22. However, Defendant, negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to

pay Plaintiff and others similarly situated all overtime compensation in violation of the FLSA, including 29 U.S.C. § 207(a).

23. Pursuant to 29 U.S.C. § 216(b), Plaintiff and similarly situated employees seek to recover and are entitled to recover their unpaid overtime compensation, additional equal amounts as liquidated damages, pre-judgment and post-judgment interest, and are entitled to other appropriate legal and equitable relief, all costs of these proceedings, and attorneys' fees.

## COUNT II

## FLSA INDIVIDUAL OVERTIME CLAIM

24. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

25. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Porter for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Porter's regular rate of pay.

26. During Porter's employment, he has frequently worked in excess of forty hours in a workweek.

27. Defendant negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Porter in violation of the FLSA, including 29 U.S.C. § 207(a).

## COUNT III

## INDIANA WAGE PAYMENT STATUTE

28. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

29. Porter resigned his employment with Angie's List.

30. Angie's List is an employer subject to the Indiana Wage Payment Statute in that it employed Porter in Indiana. Ind. Code § 22-2-5-1.

31. Angie's List is required to pay Porter for all wages earned to a date not more than 10 business days prior to the date of payment. Ind. Code § 22-2-5-1.

32. Angie's List failed to pay Porter for all wages earned, including but not limited to overtime hours worked, within 10 business days of the dates they were earned, and/or within 10 business days of the dates of Porter's resignation.

33. Porter has been damaged by Angie's List's violation of the Indiana Wage Payment Statute and is entitled to payment of all accrued and unpaid compensation, as well as liquidated damages, attorney fees, and expenses. Ind. Code § 22-2-5-2.

## RELIEF REQUESTED

Plaintiff Marty Porter, and all other similarly situated employees, requests the following relief:

(a) the full amount of unpaid and/or underpaid overtime wrongfully withheld from payment in violation of § 207(a), and equal amounts as liquidated damages;

(b) all wages and economic benefits under the Indiana Wage Payment Statute;

(c) pre-judgment and post-judgment interest;

(d) costs, expenses, and attorneys' fees; and

(e) all other damages to which they may be entitled to in the premises.

Respectfully submitted,

  /s/ Kathleen A. DeLaney  
Kathleen A. DeLaney (#18604-49)  
Christopher S. Stake (#27356-53)  
Attorneys for Plaintiff

DELANEY & DELANEY LLC  
3646 N. Washington Boulevard  
Indianapolis, IN 46205

## JURY DEMAND

Plaintiff Marty Porter, by counsel, respectfully request a trial by jury on all issues so triable.

Respectfully submitted,

  /s/ Kathleen A. DeLaney  
Kathleen A. DeLaney (#18604-49)  
Christopher S. Stake (#27356-53)  
Attorneys for Plaintiff

DELANEY & DELANEY LLC  
3646 N. Washington Boulevard  
Indianapolis, IN 46205